IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

UNITED STATES OF AMERICA,

v.

JOSEPH BULLOCH,

Defendant.

CASE NO.: 4:20-cr-124

### PRELIMINARY ORDER OF FORFEITURE

WHEREAS, on or about April 13, 2023, Joseph Bulloch (the "defendant"), entered a plea of guilty to the offenses charged in Count Seven (Lesser Included Offense), charging a violation of 21 U.S.C. § 841(a)(1); Count Ten, charging a violation of 18 U.S.C. § 922(g)(1); Count Twelve, charging a violation of 21 U.S.C. § 856; and

WHEREAS, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c) the defendant has consented to the forfeiture of his interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense and any property used, or intended to be used, in any manner or part to commit, or to facilitate the commission of, the Title 21 offense(s); firearms and ammunition involved in Count Ten; and/or substitute assets pursuant to 21 U.S.C. § 853(p), including the following items listed below:

    a. Realy Property: 2310 Alabama Avenue, Savannah, GA;

    b. Real Property: 2312 Alabama Avenue, Savannah, GA;

    c. $387,886.13 U.S. Currency;

    d. $36,040.00 U.S. Currency;

    e. $1,837.00 U.S. Currency;

 f.   $2,300.00 U.S. Currency;

 g.   $2,290.00 U.S. Currency;

 h.   $5,000.00 U.S. Currency;

 i.   $6,000.00 U.S. Currency;

 j.   $1,350.00 U.S. Currency;

 k.   $1,432.00 U.S. Currency;

 l.   Rolex Oyster Perpetua Datejust 18k two-tone yellow and gold & stainless steel watch with diamonds;

 m.   10k yellow and gold (stamped) heavy Cuban link necklace with large yellow and white 10k (stamped) "B" pendant with round brilliant diamonds;

 n.   One 10k (stamped) heavy gold Cuban link style chain 30 inches in length 9mm width and one 10k yellow gold pendant forming the numerals "914" with round brilliant cut diamonds;

 o.   HK USP Compact .40 caliber handgun, S/N 26-045471;

 p.   Glock model 32 .357 handgun S/N YGD160;

 q.   Magazine with eleven (11) .357 rounds;

 r.   Taurus model PT111 9mm handgun, S/N TMD58852;

 s.   Twelve (12) Luger 9mm rounds from Taurus PT111;

 t.   Twenty (20) Hornaday 9mm Rounds;

 u.   Black 9mm 31 round Glock magazine with twenty-eight (28) 9mm rounds;

 v.   Glock model 43X 9mm handgun, S/N BMNB088;

 w.   Springfield, model: XDM-10, 10mm pistol, serial number: AT221802;

 x.   Glock, model 22 .40 caliber handgun, serial number: BEKW618;

      y.  Fourteen (14) 10mm rounds and magazine from Springfield XSM-10;

      z.  Twenty-one (21) .40 caliber rounds with extended magazine from Glock 22;

      aa.  .40 caliber Glock magazine with fifteen (15) rounds;

      bb.  10mm Springfield magazine with eleven (11) rounds;

      cc.  .40 caliber drum magazine;

      dd.  9mm Glock 30 round magazine;

      ee.  9mm drum magazine;

      ff.  Eleven (11) S&W .40 caliber rounds; and

      gg.  Nineteen (19) 7.62 rounds.

(hereinafter referred to as "Subject Property").

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

    1.    Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), the defendant shall forfeit to the United States all right, title, and interest in the Subject Property.

    2.    Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Subject Property, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order.

    3.    The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website

www.forfeiture.gov, of its intent to dispose of the Subject Property in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Property as a substitute for published notice as to those persons so notified.

4. Any person, other than the defendant, asserting a legal interest in the Subject Property may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Property must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5. The defendant shall not file a claim or petition seeking remission or contesting the forfeiture of the Subject Property in any administrative or judicial (civil or criminal) proceeding. The defendant shall not assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of the Subject Property in any administrative or judicial (civil or criminal) forfeiture proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Property to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Subject Property passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Property to the United States.

Further, if any third party files a claim to the Subject Property, the defendant will assist the government in defending such claims. If the Subject Property are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Subject Property, pursuant to 21 U.S.C. § 853(p). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Subject Property, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. If no third party files a timely claim, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the monies and/or properties forfeited herein shall be forfeited to the United States for disposition in accordance with the law.

8. The United States alone shall hold title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9. The forfeiture of the Subject Property is not to be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

10. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

11. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**SO ORDERED**, this 26th day of May, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA